### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALLOYS INTERNATIONAL, INC.,                     Case No. 1:10-cv-293

      Plaintiff,                                      Judge Timothy S. Black

vs.

AERONCA, INC.,

      Defendant.

### ORDER DENYING:
### (1) DEFENDANT'S MOTION TO PROHIBIT THE JURY FROM
### CONSIDERING AND DETERMINING ALL QUESTIONS OF CONTRACT
### FORMATION BETWEEN THE PARTIES (DOC. 44) and
### (2) DEFENDANT'S MOTION REQUESTING THE COURT TO DETERMINE
### THE TERMINATION FOR CONVENIENCE CLAIM (DOC. 46)

This civil case is before the Court on Defendant Aeronca Inc.'s Motions to

Prohibit the Jury from Considering and Determining all Questions of Contract Formation

Between the Parties (Doc. 44) and Requesting the Court to Determine the Termination for

Convenience Claim (Doc. 45).  The parties have filed responsive memoranda (Doc. 50,

Doc. 55) and the motions are now ripe for review.  For the reasons stated herein, the

motions are **DENIED**.

## I.    BACKGROUND

Plaintiff Alloys International, Inc. is a New York corporation engaged in the

business of marketing specialty metals.  (Doc. 1 at ¶¶ 1, 5).  Defendant Aeronca, Inc. is an

Ohio corporation that uses processed metals in its manufacturing.  (*Id*. at ¶¶ 2, 6).  On

August 3, 2004, Aeronca sent Alloys Purchase Order No. 729649, which specified the

amount, price, and delivery dates of specialty metal that Aeronca promised to buy from Alloys.  (Doc. 44, Ex. 4).  Along with the purchase order, Aeronca alleges that it sent a copy of its "General Terms and Conditions."  (Doc. 44, Ex. 1).  Aeronca's Terms and Conditions contained several additional provisions regarding changes to the agreement, most notably a provision authorizing Aeronca to terminate the contract at any time (the "termination for convenience" provision).  (Doc. 44, Ex. 1 at ¶ 12).

Marvin Rubman, Alloys's Chief Financial Officer, made handwritten notations to Aeronca's Terms and Conditions (Doc. 35, Ex. 1 at 8-9).  At his deposition, Rubman testified that he did not recall when he made the revisions.  (*Id.* at 9).  Defendant produced a copy of the revisions with a fax date and time stamp indicating that the document had been faxed from Alloys on May 4, 2007; however, Rubman was unable to confirm whether the stamp correctly reflected the date of his submission.  (*Id. See also* Doc. 44, Ex. 2).  Rubman's notations indicate he wished to delete paragraphs 6, 12 and 18 and modify paragraph 21.  (Doc. 44, Ex. 2).  Rubman also made notations indicating that he wished to add additional terms to the document regarding the right to make changes, stop work, and subcontract.  (*Id.*).  After submitting his changes to Aeronca, Rubman did not receive any response accepting or rejecting the modifications. (Doc. 35, Ex. 1 at 15).

The purchase order was revised several times, and as of  February 2008, it was memorialized as Revision 0088 to Purchase Order 729649.  (Doc. 1 at ¶ 9).  Aeronca accepted delivery and paid for some of the materials specified in Revision 008.  (*Id*. at ¶ 10).  On September 29, 2009, Aeronca notified Alloys that it was terminating the contract

in accordance with the termination for convenience provision of its Terms and Conditions, and that it would not accept further delivery or submit further payment. (*Id.* at ¶ 11).

Plaintiff brought this suit against Defendant in May 2010, alleging that Aeronca breached the contract and seeks damages in excess of $394,000. (Doc. 1 at 3). Prior to the originally scheduled trial date, Defendant filed a motion requesting judicial determination of the terms of the contract (Doc. 44) as well as a finding that Defendant properly terminated the contract in accordance with the termination for convenience provision (Doc. 46). The motions are now fully briefed and ripe for review.

## II.   STANDARD OF REVIEW[1]

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(C). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be

---

[1] Defendant has styled its motions as "motions in limine," which typically address the admissibility of evidence. Defendant's motions, however, seek determination of claims in its favor as a matter of law, and are therefore more properly described as motions for summary judgment under Fed. R. Civ. P. 56. While the Court notes that Defendant filed its motions more than two months after the deadline set for the filing of dispositive motions, the motions nonetheless raise issues of significance that should be addressed before trial.

construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . .  must set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

## III.  ANALYSIS

Defendant seeks summary judgment holding that Aeronca's Terms and Conditions are part of the contractual agreement between the parties and that Aeronca properly terminated the contract in accordance with those Terms and Conditions.

### A.  Defendant's Motion for the Court to Determine Issues of Contract Formation

Defendant Aeronca requests that the Court determine the terms of the contract formation.  Such determinations raise three issues: (1) whether Alloys made a judicial admission that Alloys's modified terms and conditions are not part of the contract; (2) whether Alloys timely objected to Aeronca's proposed Terms and Conditions; and (3) whether Alloys's modifications were a conditional offer of acceptance.

#### 1.  Judicial Admission

As an initial matter, Aeronca contends that Alloys's allegation that "the Contract was memorialized in writing as 'Purchase Order No. 729649'" constitutes a judicial admission that Alloys's modifications to Aeronca's Terms and Conditions were not included in the contract.  (Doc. 44 at 3, n. 1).  Judicial admissions are formal admissions

in the pleadings "which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Cadle Co. II, Inc. v. Gasbusters Prod. I Ltd. P'ship*., 441 Fed. App'x 310, 312 (6th Cir. 2011) (internal quotations omitted). Such admissions must be "deliberate, express, and unequivocal." *United States v. Ins. Co. of N. Am.*, 83 F.3d 1507, 1510, n. 6 (D.C. Cir. 1996). Under federal law, judicial admissions are binding on both the parties and the Court. *Cadle,* 441 Fed. App'x at 313. Defendant argues that any assertion that Alloys's modifications are part of the current contract are contrary to Plaintiff's previous judicial admission, and Alloys should therefore be barred from raising the issue. (Doc. 44 at 3, n. 1).

Defendant's argument is unpersuasive. Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs only to provide a short and plain statement of the case. There is no requirement that plaintiff detail every fact upon which it may rely, and a full reading of the pleadings reveals that Plaintiff never maintained that Purchase Order 729649 formed the *entirety* of the contract. Rather, the content of the contract, namely whether it includes any terms and conditions proposed by either party, is a central issue in this litigation. In light of the full pleadings, the Court finds no evidence to conclude that Alloys unequivocally admitted that the modified terms and conditions were not a part of the contract.

### 2.    Formation of the Contract and Timing of Objections

Under Ohio law, a contract between merchants[2] is enforceable if a party receives a written confirmation of the contract sufficient against the sender within a reasonable time, and the recipient does not give notice of objection to its contents within 10 days after it is received.  Ohio Rev. Code. § 1302.04(B) (U.C.C. § 2-201(2)).  In other words, a written confirmation of the contract sent by Aeronca is enforceable against Alloys unless Alloys gave written notice of its objections within ten days of receipt.

Aeronca contends that the contract between the parties was formed on August 14, 2004 when Aeronca sent Alloys Purchase Order No. 729649 and accompanying Terms and Conditions.  (Doc. 44 at 6).  Aeronca argues that Alloys did not object to the Terms and Conditions until 2007, well-outside the ten day period, and they are therefore enforceable against Alloys. (*Id.*).  Alloys contends that there is a genuine issue of material fact regarding the timing of the objections.  (Doc. 50 at 3).

As proof that the modifications were first made in 2007, Aeronca relies on a fax time stamp indicating the modifications were sent to Aeronca from Alloys on May 4, 2007.  (See Doc. 44, Ex. 2).  Plaintiff disputes the accuracy of that evidence, and argues that the objections were made by Marvin Rubman shortly after they were received by Alloys employee Lee Glasford.  (Doc. 50 at 4).  Alloys argues that Defendant has produced no evidence that the fax was the first submission of the modifications nor that the fax machine accurately recorded the date.  (*Id.*).  However, Plaintiff makes no

_____

[2] It is undisputed that both parties are merchants within the meaning of the Ohio Revised Code and the U.C.C.

assertion that the objections were sent within the required ten day period, nor does Alloys provide any evidence of the actual date of submission.  (*Id.*).

The Court views the time stamp to be a significant indication of the timing of the modifications, but is unable to conclude that Alloys did not object within the required ten-day period without a stronger evidentiary foundation.  Plaintiff presumably will offer evidence at trial indicating that it submitted the modifications within the proper time period.[3]  And Defendant may renew its motion at the conclusion of Plaintiff's case.

### 3.    Conditional Acceptance

Defendant next seeks judicial determination of the contents of the contract, specifically whether the parties' relationship is governed by (1) Aeronca's Terms and Conditions; (2) Aeronca's Terms and Conditions as modified by Alloys; or (3) Ohio Rev. Code. § 1302.10(C).  (Doc. 44 at 2).  While ordinarily questions of contract formation and intent are factual determinations for the jury, the Sixth Circuit has created an exception for the issues surrounding a "battle of the forms" as discussed in U.C.C. § 2-207 (codified under Ohio law as Ohio Rev. Code § 1302.10).  *Mead Corp. v. McNally-Pittsburgh Mfg. Corp.*, 654 F.2d 1197, 1206 (6th Cir. 1981).  In those cases, "it is unreasonable and contrary to the policy behind the [U.C.C.] merely to turn the issue over to the uninformed speculation of the jury left to apply its own particular sense of equity." *Id*.  Accordingly, the question of formation of a contract by operation of U.C.C. § 2-207 is a question of

---

[3]  The Court will inquire of Plaintiff at the Final Pretrial Conference.

law for the court, unless state law dictates a contrary result.  *Id; Carbon Processing and Reclamation, LLC v. Valero Mktg. and Supply Co.*, --- F. Supp. 2d ----, No. 09-2127, 2011 WL 4915863, *11 (W.D. Tenn. Oct. 17, 2011).[4]

Under U.C.C. § 2-207(A), a written acceptance of an offer containing additional terms or modifications consummates the contract unless the party clearly indicates that its acceptance is conditional to the other party's acceptance of the modifications.  *See* Ohio Rev. Code § 1302.10(A).  If, however, the acceptance is clearly conditional on the other party's acceptance of the modifications, the modifications are construed as proposals for additions to the contract.  *Id*. (A)-(B).  Such additions become part of a contract between merchants unless: (1) the offer expressly limits acceptance to the terms of the offer; (2) the additional terms materially alter the offer; or (3) notification of objection to the terms is given within a reasonable time.  *Id*.  If the acceptance was conditional, and the offeror does not accept the modifications, there has been no acceptance and there is no contract. *Id*.  However, conduct between the parties that recognizes the existence of a contract is sufficient to establish an enforceable contract.  *Id*. at (C).  In that instance, the terms of the contract consist of those terms in the writing on which the parties agree.  *Id*.

Accordingly the central issue in this dispute is whether Alloys expressly conditioned its acceptance of Aeronca's offer on Aeronca's agreement to Alloys's modifications of the Terms and Conditions.  However, this issue is irrelevant if Alloys did not timely object to Aeronca's Terms and Conditions, pursuant to Ohio Rev. Code

---

[4] *Mead Corp*. applied Ohio law and held that the operation of U.C.C. § 2-207 should be determined by the court.  654 F.2d at 1206.

§ 1302.04 (discussed *supra*).  If Alloys did not object within ten days of receipt of the Terms and Conditions, it is bound to those terms, regardless of whether it later sent a conditional acceptance.  *See* Ohio Rev. Code. § 1302.04(B).  Therefore, any determination of the scope of the parties' agreement pursuant to U.C.C. § 2-207 is premature.[5]

Accordingly, Defendant's motion is **DENIED**; Defendant may represent its motion upon resolution of the § 1302.04 issue.

### B.     Defendant's Motion For the Court to Determine the Termination for Convenience Claim

Defendant seeks to have the Court, rather than the jury, determine its counterclaim for termination of convenience.  (Doc. 46 at 1).[6]  Paragraph 12 of Aeronca's Terms and Conditions (Doc. 46, Ex. 3 at ¶ 12) states as follows :

---

[5]  The Court does note, however, the strong language in which the modifications were couched: "Changes in P.O. shipping schedule can only be allowed for pull-ups.  Any further pushouts *cannot be accepted*" and "No decrease in quantity is acceptable."   (Doc. 44, Ex. 2 at 1) (emphasis added).

[6]  Defendant's motion requests that "the Court and not the jury determine Defendant Alloys International Inc.'s ("Alloys") Termination for Convenience Claim."  (Doc. 46 at 1). Plaintiff Alloys International, Inc. has not presented a termination for convenience claim. (See Doc. 1).  Defendant Aeronca Inc. filed a counterclaim seeking declaratory judgment that it had the right pursuant to its Terms and Conditions to increase or decrease quantities of the coils, and that rights and damages of Alloys arising from a termination are determined subject to the relevant Federal Acquisition Regulations. (Doc. 11 at 7-8). The Court thus construes Defendant's motion as seeking judicial determination on Defendant's termination for convenience claim.

12. TERMINATION

a) Buyer may terminate this order in whole or in part in accordance with the provision of the DEFAULT clause set forth in DAR 7-103.11 and/or FAR (Federal Acquisition Regulations) 52.249-8 if Seller fails to comply with any of the provisions hereof, or if seller becomes the subject of a proceeding under state or federal law for relief of debtors or makes an assignment for the benefit of creditors

b) without affecting its right to terminate this order under paragraph (a) hereof, Buyer may, for its convenience, terminate this order in whole, or from time to time, in part, in accordance with the provisions of the "TERMINATION" clause set forth in DAR 8-706 and/or FAR - 19.502(e)(1),

c) the DAR clauses referred to in paragraphs (a) and (b) are hereby incorporated herein by reference as in effect on the date hereof, with the following changes: the words "Government" and "Contracting Officer" shall mean Buyer, the word "Contract" shall mean this order and the word "Contractor" shall mean Seller; and further, the provisions of paragraph (c) of DAR 7-103.11 and/or FAR 52,249-8 shall be deemed deleted.

Aeronca seeks summary judgment that holding that this provision properly incorporated the relevant Federal Acquisition Regulations (FAR) and Defense Acquisition Regulations (DAR), that this provision permitted it to terminate its contract with Alloys at any time, and that any damages due to Alloys are subject to the provisions provided in the FARs. (Doc. 46 at 4).

Like the issue regarding Alloys's alleged conditional acceptance, these issues are not yet ripe for review. Should the evidence demonstrate that Alloys did not timely object to the Terms and Conditions, Paragraph 12 will be part of the contractual agreement between the parties. If, however, the evidence shows that Alloys made a timely objection and that Alloys's modifications were a conditional offer of acceptance,

-10-

Paragraph 12 will not be a part of the agreement between the parties.[7]  As such, any

determination as to whether Paragraph 12 permitted Aeronca to terminate its agreement

for convenience is premature, prior to a determination of whether Paragraph 12 is a part

of the contractual agreement..

       Defendant's motion is therefore **DENIED**.  Defendant may represent the motion if

the Court later determines that Alloys timely objected to Aeronca's Terms and Conditions

and that Alloys's modifications were a conditional offer.

## III. CONCLUSION

       For the reasons stated herein, Defendant's Motions to Prohibit the Jury from

Considering and Determining all Questions of Contract Formation Between the Parties

(Doc. 44) and Requesting the Court to Determine the Termination for Convenience Claim

(Doc. 46) are **DENIED**.  Specifically:

(1)    The Court finds that there has been no judicial admission by Plaintiff that Alloys's modifications to Aeronca's Terms and Conditions were not part of the parties' contract;

(2)    There are genuine issues of material fact concerning whether Alloys provided a timely objection to Aeronca's Terms and Conditions under Ohio Rev. Code. § 1301.04.  Defendant may renew its motion at the conclusion of Plaintiff's case;

(3)    Defendant's motion for the Court to determine the terms of the contract pursuant to Ohio Rev. Code § 1302.10 is premature.  Defendant may

---

[7]  Alloys's modifications eliminated Paragraph 12.  (Doc. 44, Ex. 2).  If the evidence shows that Alloys's response was a conditional offer and Aeronca accepted that offer, then Alloys's modifications would be included in the contract. *See* Ohio Rev. Code § 1302.10(B)-(C).  If the evidence shows that Aeronca rejected the conditional offer, then the contract between the parties would consist of only those terms upon which the parties agreed. *Id.*  The parties did not agree on Paragraph 12, and therefore it would not be part of the contract.

represent the motion upon resolution of the § 1301.04 issue; and

(4)     Defendant's motion summary judgment on the termination for convenience claim is premature.  Defendant may represent its motions upon resolution of the §1301.04 and §1302.10 issues.

**IT IS SO ORDERED**.


Date:   4/2/12                                                _____*s/ Timothy S. Black*_____
                                                             Timothy S. Black
                                                             United States District Judge