UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLOYS INTERNATIONAL, INC.,           Case No. 1:10-cv-293

    Plaintiff,                                        Judge Timothy S. Black

vs.

AERONCA, INC.

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO BAR PLAINTIFF FROM OFFERING EVIDENCE OF DAMAGES FOR THE PRICE OF THE SPECIALTY METAL COIL (DOC. 45)**

This civil case is presently before the Court on Defendant Aeronca, Inc.'s Motion in Limine to Bar Plaintiff From Offering Evidence of Damages for the Price of Specialty Metal (Doc. 45) and the parties' responsive memoranda (Docs. 51& 56). For the reasons stated herein, the motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Alloys International, Inc. is a New York corporation engaged in the business of marketing specialty metals. (Doc. 1 at ¶¶ 1, 5). Defendant Aeronca, Inc. is an Ohio corporation that uses processed metals in its manufacturing. (*Id*. at ¶¶ 2, 6). The parties entered into an agreement for Aeronca's purchase of specialty metals from Alloys. (*Id*. at ¶ 7). Under the terms of the contract, Alloys would purchase materials from a supplier and submit them to a vendor for processing; after processing, Aeronca would receive the finished goods and remit payment to Alloys. (Doc. 36 at 4).

The contract was revised several times, and as of February 2008, the contract was memorialized as Revision 8 to Purchase Order 729649, which called for the amount of specialty metal that Aeronca promised to buy from Alloys from that date forward, the price of the specialty metal, and the dates upon which Alloys promised delivery. (Doc. 1 at ¶ 9). Aeronca accepted delivery and paid for some of the materials specified in Revision 008. (*Id*. at ¶ 10). In 2009, Aeronca notified Alloys that it was terminating the contract without accepting delivery or submitting further payment. (*Id*. at ¶ 11).

Plaintiff brought this suit against Defendant in May 2010, alleging that Aeronca breached the contract. Alloys seeks damages in excess of $394,000, including $205,536 for the purchase price of the specialty metal that was ready for shipment to Aeronca and $135,528 in lost profits on the remainder of the unprocessed specialty metal (the "two coils").

On September 15, 2010, after the commencement of this litigation, Defendant's counsel sent an email to Plaintiff's counsel offering on behalf of Aeronca to purchase the 548.39 pounds of specialty metal ready for shipment for the sum of $205,536.57, plus interest. (Doc. 45, Ex. 1). Aeronca conditioned its offer upon completion of an audit/inspection by personnel of Aeronca's choosing. (*Id.*). Alloys declined the offer.

Prior to the originally scheduled trial date, Aeronca filed a motion in limine to exclude evidence of damages for the price of the specialty coil from consideration at trial (Doc. 45). The motion is now fully briefed and ripe for review.

**II. ANALYSIS**

Aeronca contends that even if Alloys prevails on the breach of contract claim, Alloys cannot recover the purchase price of the processed coil because it failed to mitigate its damages. (Doc. 45 at 4).

UCC 2-709, codified as Ohio Rev. Code. § 1302.83(A)(2), governs the duty of mitigation and provides as follows:

> When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under section 1302.84 of the Revised Code, the price . . . of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price or the circumstances reasonably indicate that such effort will be unavailing.

Aeronca argues that Plaintiff's refusal to accept its September 15, 2010 offer to purchase the coils at the contract price demonstrates as a matter of law that Alloys failed to make reasonable efforts to resell the coils (Doc. 45 at 4-5). As a result, Aeronca argues, Alloys cannot satisfy the requirements of UCC 2-709 and may not seek damages for the purchase price.

The Court finds Defendant's motion unavailing. The Revised Code requires the seller to make *reasonable* effort to sell at a *reasonable* price unless circumstances *reasonably* indicate such efforts would be unavailing. Such determinations are inherently factual, and Ohio courts have therefore held that the reasonableness of mitigation is a determination for the jury (or the fact-finder). *See Inner City Wrecking Co. v. Bilsky*, 367 N.E.2d 1214, 1220 (Ohio Ct. App. 1977). Other courts interpreting UCC 2-709 have

similarly agreed. *See W.I. Snyder v. Caracciolo*, 541 A.2d 775, 779 (Pa. Super. 1988) (reasonableness of seller's mitigation efforts under UCC 2-709 "is a matter properly left for the jury to decide"); *FMI, Inc. V. RMAX, Inc.*, 333 S.E.2d 360, 362 (S.C. App. 1985) ("This is a jury issue."); *Multi-Line Mfg., Inc. v. Greenwood Mills, Inc.*, 180 S.E.2d 917, 918 (Ga. App. 1971) ("The language of this subsection [2-709] clearly evinces legislative intent that these matters ordinarily should be subject to determination by a jury and not by the court."). Defendant has not provided any contrary authority, nor is the Court aware of any, and accordingly the Court finds no basis to preempt consideration of this issue by the trier of fact.[1]

Defendant also argues that if the question of mitigation is presented to the jury, Aeronca should be permitted to introduce evidence showing that it offered to purchase the processed metal for the contract price plus interest and that Alloys rejected the offer. (Doc. 45 at 5). Alloys does not oppose the introduction of such evidence, and Defendant shall therefore be permitted to present it. (Doc. 51 at 5).[2]

---

[1] The Court notes that while Defendant seeks to have the Court determine the above issue of fact, Defendant has not joined Plaintiff in its waiver of the jury demand.

[2] Plaintiff also contends that even if it failed to mitigate, it may still recover the contract price of the processed metal under the provisions of Ohio Rev. Code. § 1302.82 because the market price of the processed metal is $0. (Doc. 51 at 2). The Court reserves judgment on this issue at this time and will consider the issue after the parties have put forth their evidence at trial concerning the market price of the processed metal.

### III.  CONCLUSION

For the reasons stated, herein, Defendant's Motion to Bar Evidence of Damages for the Price of Specialty Metal (Doc. 45) is **DENIED**.  Plaintiff may present evidence of damages regarding the purchase price of the processed specialty metal ready for shipment to Aeronca.  Defendant may present evidence of its September 2010 offer to purchase the processed metal at the contract price.

**IT IS SO ORDERED**.

Date:  3/30/12                                                                *s/ Timothy S. Black*
                                                                                         Timothy S. Black
                                                                                         United States District Judge