UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALLOYS INTERNATIONAL, INC., | : | Case No. 1:10-cv-293 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| AERONCA, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR DETERMINATION OF LEGAL EXPENSES (Doc. 83); (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Doc. 84); and (3) GRANTING PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES (Doc. 96)**

This civil action is currently before the Court on: (1) Defendant's motion for determination of legal expenses (Doc. 83); (2) Plaintiff's motion for attorneys' fees and costs (Doc. 84); (3) Plaintiff's supplemental motion for attorneys' fees and costs (Doc. 96); and (4) the parties' responsive memoranda (Docs. 92, 94, 95, 99, 100).

### I. BACKGROUND FACTS

This civil action came before the Court for a three day bench trial beginning June 18, 2012. On August 21, 2012, this Court entered findings of fact and conclusions of law in favor of the Plaintiff (Doc. 80) and a Judgment affirming the same (Doc. 81). By agreement of counsel, the parties agreed to submit the determination of attorneys' fees to the Court after its decision regarding the matters presented at the June 28, 2012 trial.

Now Plaintiff seeks fees and costs. (Docs. 84, 96). Defendant also seeks fees for its success on a motion for partial summary judgment. (Docs. 39, 83).

## II.     ANALYSIS

### A.     Aeronca's Motion for Fees and Costs

On July 25, 2011, Aeronca filed a motion for partial summary judgment which this Court granted in part and denied in part. (Doc. 29). As a result of its success on the motion for partial summary judgment, Aeronca claims that it prevailed in defeating Alloys' claims for interest at 18% per annum, storage fees, and mediation expenses. (Doc. 83). Aeronca maintains that it is entitled to be reimbursed for its legal expenses in the amount of $20,371.25, relating to the defeat of these claims. (*Id.*)

Paragraph 29(d) of the parties' Terms and Conditions provides for the reimbursement of legal fees and expenses to the prevailing party in litigation, but does not include a definition of what it means to prevail. When a contract does not include a definition of what it means to prevail, the Sixth Circuit and this Court have held it has the meaning given by case law under Rule 54(d)(1). *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 1996 U.S. App. LEXIS 27925, at *10 (6th Cir. Oct. 24, 1996). "Generally the party in whose favor judgment is rendered is considered the prevailing party." *Thomas & Marker Constr., Co.,* No. 3:06cv406, 2009 U.S. Dist. LEXIS 40148, at *26 (S.D. Ohio Apr. 27, 2009) (citing Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2667 (3d ed 1998)). That general principle under Rule

54(d) "applies even when the successful party is not awarded his entire claim." *Clarke*, 1996 U.S. App. LEXIS 27925 at 10 (citing *Zackarof v. Koch Transfer Co.*, 862 F.2d 1263, 165-66 (6th Cir. 1988)).

This Court previously found that a plaintiff for whom judgment was "ultimately rendered," even where a number of its claims had been dismissed on summary judgment, was "clearly the 'prevailing party.'" *Thomas & Marker Constr.*, 2009 U.S. Dist. LEXIS 40148 at 27-28.[1] Adopting Aeronca's interpretation would require this Court to review each and every event in this litigation, no matter how minute, and award fees to the party who "triumphed" in that specific instance. Such an interpretation is nonsensical and was precisely the type of "second major litigation" the Supreme Court warned against. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

---

[1] In *Thomas & Marker Construction*, the plaintiff sued Wal-Mart on nine claims, with a breach of contract claim at the base of the action. Wal-Mart filed multiple counterclaims against the plaintiff, abandoning all but its own breach of contract claim by the time the case reached trial. All of plaintiff's claims except the breach of contract claim were dismissed by trial, either by the Court on Wal-Mart's motion for partial summary judgment or by agreement of the parties. At trial, plaintiff was ultimately successful on its breach of contract claim against Wal-Mart and was also successful on the counterclaim against it filed by Wal-Mart. The parties' contract provided for attorneys' fees to be awarded to the prevailing party. Plaintiff argued that it had prevailed and Wal-Mart argued that both parties had prevailed. The basis for Wal-Mart's argument was that both parties prevailed on "some, but not all, of the issues raised." Plaintiff maintained that the principal dispute between the parties was the breach of contract and it was ultimately successful on all tried claims. The Court agreed, noting that "[w]hile Wal-Mart may have been successful in obtaining dismissal of these six claims of relief, [the plaintiff] was ultimately successful, under its First Claim for Relief . . . [and] was ultimately successful on the only Counterclaim brought against it by Wal-Mart." *Id.* The Court found that "[j]udgment was ultimately rendered by the Jury for [plaintiff] on all of the issues raised by [plaintiff] and [for plaintiff] on Wal-Mart's Counterclaim against [plaintiff]. [Plaintiff's] dismissed causes of action were merely other ways of seeking relief on its breach-of-contract claim. Therefore, [plaintiff] was clearly the 'prevailing party' in this action." *Id.*

There were only two claims in this litigation, and Alloys was successful on both. Accordingly, judgment was entered for Alloys. Aeronca only succeeded in reducing the total award of damages available to Alloys for Aeronca's breach; it did not succeed in dismissing Alloys' claims. Therefore, Aeronca's motion for fees and costs is denied.

B.     **Alloys' Motion for Fees and Costs**

Alloys requests fees and costs in the amount of $172,961.81.[2] (Doc. 84 at 1).

Paragraph 29 of the Terms and Conditions between the parties provides:

> In the event a dispute results in litigation, Seller shall reimburse Buyers' legal expenses, including attorneys' fees and costs, which may be enforced in a court of competent jurisdiction, whenever Buyer prevails. Likewise, Buyer shall reimburse Seller's legal expenses, including attorneys' fees and costs, which may be enforced in a court of competent jurisdiction, whenever Seller prevails.

There were two claims in this litigation. Alloys sued Aeronca for breach of contract, and Aeronca filed a counterclaim seeking reformation of the contract. Alloys prevailed on both claims and is therefore entitled to its fees and costs under Paragraph 29 of the contract.

Aeronca argues that Alloys' claim for attorneys' fees fails because: (1) Alloys assumes that Paragraph 29 provides recovery of fees to the prevailing party, but the language provides contrary; and (2) Alloys assumes that because of the judgment rendered, it is the prevailing party. (Doc. 94 at 2). For the reasons discussed *supra* at Section II.A, Aeronca's arguments fail.

---

[2] Specifically, $166,781.00 in fees and $6,180.56 in costs. (Doc. 84, Ex. 1 at ¶ 3).

### *1.  Hours*

Alloys maintains that it expended 708.75 hours litigating this case.[3] (Doc. 84, Exs. 3, 4).  The Court finds that the number of hours expended is reasonable given both the extensive briefing and the bench trial which occurred in this case.

### *2.  Rate*

In determining the amount of reasonable attorney fees to award, the usual method is the "lodestar" approach.  Under this approach, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Echerhart*, 461 U.S. 424, 433 (1983).  The reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  "The court should look to the fair market value of the services provided.  In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney." *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).  A district court must "provide a concise but clear explanation of its reasons" for the award.  *Hensley*, 461 U.S. at 437.  "[The] district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990).

---

[3] Aeronca's counsel expended approximately 760.25 hours in this litigation through July 20, 2012.  (Doc. 84, Ex. A).

Adequate billing records are essential and if "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United States, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n. 2 (6th Cir. 1984). Attorney fees may be reduced when fee records fail to specify the amount of time spent on discrete tasks. *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 (N.D. Ohio 1997). Similarly, fees may be reduced for unnecessary duplication. *Coulter v. State of Tennessee*, 805 F.2d 146, 151-52 (6th Cir. 1986).

Alloys requests reasonable hourly rates for its attorneys who performed work related to the litigation of this case. The majority of the work was performed by attorney Timothy G. Pepper and paralegal Tania M. Welch. Minor changes to Taft Stettinius & Hollister's regular hourly rates took effect on January 1, 2011 and January 1, 2012 for each timekeeper. The average hourly rate for Timothy G. Pepper for the duration of the case was $265.00 and the average hourly rate for Tania M. Welch for the duration of the case was $156.67.[4]

These rates are within the range set forth in the Ohio State Bar Association's Economics of Law Practice in Ohio.[5] Dividing the total amount of attorneys' fees filed in

---

[4] 2010 rates were as follows: Timothy G. Pepper $245; Tania M. Welch $155. 2011 rates were as follows: Timothy G. Pepper $260; Tania M. Welch $155. 2012 rates were as follows: Timothy G. Pepper $290; Tania M. Welch $170. (Doc. 84 at 5, n. 7)

[5] An Ohio State Bar Association survey titled, "The Economics of Law Practice in Ohio," supports the reasonableness of the fee charged by counsel. *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (available at https://www.ohiobar/org/General520Resources/pub/2010_Economics_of_Law_Practice_Study.pdf) (Last visited on November 4, 2012). The survey shows that the median hourly rate of attorneys in the Greater Columbus, Ohio area is $225 and that the hourly rate of the 75th percentile of attorneys in Greater Columbus is $275. The median rate for attorneys in downtown Columbus is $250 per hour, while the 75th percentile is $325 per hour.

this matter by the total number of hours spent on the litigation reveals the effective hourly rate charged by Alloys' counsel is $235.23 per hour, a rate well below the average hourly rate charged in Ohio by attorneys at firms the size of Taft Stettinius & Hollister LLP. Based upon the experience of counsel, and the skill presented throughout this litigation, the Court concludes that the hourly rate presented by counsel for Alloys is more than reasonable.[6] *See, e.g., Burlington v. Dague*, 505 U.S. 557, 562 (1992) (there is a "strong presumption that the lodestar represents the reasonable fee.").

Aeronca argues that the Lodestar amount is unreasonable because: (1) several of Alloys' hourly rates were too high; and (2) Alloys provided inadequate documentation of some of the hours expended. Additionally, Aeronca objects to attorneys' fees relating to the mediation.

First, Aeronca maintains that the hourly rates for Barbara Suncombe ($405.00 for 2010 and $430.00 for 2011) and David Wallace ($465.00) are unreasonable and should be adjusted to reflect the market rate of the greater Cincinnati-Dayton area.[7] Ms. Suncombe is a partner at Taft and has practiced for more than 30 years. Mr. Wallace is also a partner at Taft and has practiced for more than 25 years. Given the experience of both Ms. Suncombe and Mr. Wallace, and their minuscule role in this litigation, the Court declines to adjust their hourly rates.

---

[6] Walter Reynolds' trial counsel for Aeronca, hourly rates were $345 in 2010 and $360 in 2011. Tami Hart Kirby's hourly rates were $230 in 2010 and $250 in 2011. (Doc. 84 at 5, n. 9).

[7] Aeronca also objects to the 10/19/11 entry seeking 2.25 hours or $450.00 for work performed by "TCB", because Alloys fails to identify whether TCB is an attorney or paralegal. Subsequently, Alloys identified TCB as Tricia C. Bell, an associate attorney at Taft. (Doc. 97 at 4, n.8).

Next, Aeronca claims that Taft failed to provide detailed billing – specifically alleging that entries such as "trial preparation" or "continued preparation for trial" are inadequate and make it impossible for this Court to know exactly what task was performed. (Doc. 94 at 13). Aeronca also maintains that there is some duplication in records which should be disposed. Upon careful review of the billing records, the Court finds the records are sufficiently detailed and not duplicitive. The Court notes that Alloys satisfied its burden to provide sufficiently detailed billing records where counsel provided the Court with itemized statements describing the subject matter, the attorney, the time allotment, and the charge for all work done on the case. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (upholding an award of attorney fees where billing records "were sufficient even if the description for each entry was not explicitly detailed.") Moreover, the Court notes that Aeronca's billing entries include virtually identical time entries for "trial preparation" and "continued preparation for trial." (Doc. 97 at 4, n. 9).

Finally, Aeronca maintains that there is no contractual basis for the Court to award attorneys' fees relating to the mediation. Paragraph 29(i) states that: "Each party shall bear its own expenses incurred in any mediation or arbitration, but any expenses related to the compensation and the costs of any mediator or arbitrator shall be borne equally by the parties." (Doc. 94, Ex. 2 at ¶ 29(I)). Alloys does not rebut this argument in any of its papers. Moreover, this Court already determined that the contract requires each party to bear its own mediation expense. (Doc. 36 at 12). Accordingly, the Court denies Alloys' request for attorneys fees in the amount of $5,143.75, relating to the unsuccessful mediation of this case. (Doc. 84, Ex. 1 at ¶ 3(c)).

### 3. Level of Success

Aeronca maintains that a further percentage reduction is appropriate given Alloys' limited success and the Court's decision granting partial summary judgment to Aeronca. The Lodestar amount is presumed to yield a reasonable figure; however, this Court has the discretion to reduce the award "to reflect the relevant considerations peculiar to [the] subject litigation." *Shepherd v. Honda of Am., Mfg.*, 160 F. Supp. 2d 860, 874 (S.D. Ohio 2001). To determine whether a fee adjustment is appropriate, the Sixth Circuit has looked to the twelve factors outlined by the Fifth Circuit, including results obtained.[8] *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). Considering the issues, claims, and damages where Aeronca prevailed, the Court finds that the Lodestar amount need not be adjusted. Specifically, the amount involved and results obtained weigh heavily in Alloys' favor. The fact that Aeronca succeeded in reducing the total award of damages available to Alloys is a fee adjustment in and of itself.

---

[8] The twelve factors are: (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Reed*, 179 F.3d at 471. These factors are usually subsumed within the calculation of reasonable hours at a reasonable rate. *Hensley*, 461 U.S. at 432.

C.  **Alloys' Supplemental Motion for Fees and Costs**

Alloys' supplemental motion for fees and costs requests an additional $15,881.15 in fees and $50.08 in costs for work related to the litigation of this matter in September 2012. (Doc. 96, Ex. A at ¶ 3).

1.  *Greer Fees*

Aeronca maintains that all fees relating to Alloys' expert David Greer are not recoverable. Specifically, Alloys seeks reimbursement for 3.50 hours ($955.00), relating to consultation with Mr. Greer. Aeronca maintains that because Mr. Greer was not timely disclosed as Alloys' expert witness, he is not competent to testify. (Doc. 99 at 1). The Court disagrees. The parties agreed to adjudicate the issue of attorneys' fees *after* the trial. (Doc. 48). On September 5, 2012, fifteen days after judgment was entered in favor of Alloys, it identified Mr. Greer as its attorneys' fees expert. Given the parties' agreement to delay adjudication of attorneys' fees until after the trial, Alloys' identification of Mr. Greer was timely and fees relating to his work in this matter are recoverable.

2.  *Nilles Fees*

Next, Aeronca objects to billing by Taft attorney Victoria Nilles. First, it objects to an entry for .50 hours for a conference between two attorneys, a conference Mr. Pepper billed for as well. (Doc. 99 at 2-3). However, as demonstrated by Aeronca's own attorneys' bills, conferences are reasonable and necessary when more than one attorney is

working on a case and the fact that two timekeepers participate in a conference does not make their work duplicative.

Aeronca also takes issue with the fact that Ms. Nilles billed for activities including ". . . prepare response to motion to dismiss" when no motion to dismiss was ever filed. While the Court acknowledges that a motion to dismiss was never filed, given the date of the entry, it is clear that Ms. Nilles' entry referencing a response to Aeronca's "motion to dismiss" was an oversight and should have referenced a response to Aeronca's "motion to alter judgment." (*See also* Doc. 100 at 3).

### 3. *Prevailing party research*

Aeronca argues that 1.25 hours of research in September 2012 on "prevailing party" case law is "excessive" because the topic was previously researched in 2011. (Doc. 99 at 4). The Court disagrees. The Court finds that spending 1.25 hours of research on the issue was appropriate given Aeronca's novel position advanced in its fee motion that it was the prevailing party.

### 4. *Coulter v. Tennessee*

Next, Aeronca maintains that any fees related to the recovery of legal fees must be limited by the three percent rule as articulated in *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986). However, *Coulter* in inapplicable. The "three percent rule" was developed to limit protracted litigation over fees and to prevent the pursuit of supplemental fees from undermining Congress's intent in passing the Fees Act to

encourage attorneys to take on civil rights cases. *Id.* This is not a case where fees are being awarded pursuant to the Fees Act; instead the parties freely contracted to pay the prevailing party's fees. *Coulter* explains that the limitation is in place to discourage attorneys from taking civil rights cases and then engaging in protracted fee litigation because of the fee statute. The concerns implicit in fee-shifting statutes, namely encouraging attorneys to take on civil rights cases, are not applicable in this case.

Accordingly, the Court declines to apply a three percent limitation on the fee dispute.

### III. CONCLUSION

Accordingly, for the reasons stated above:

(1) Defendant's motion for determination of legal fees (Doc. 83) is **DENIED**;

(2) Plaintiff's motion for attorneys' fees and costs (Doc. 84) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff is entitled to all fees and costs requested, except fees for $5,143.75, which are related to the mediation, resulting in a sub-total award of $167,818.06 for fees and costs;

(3) Plaintiff's supplemental motion for attorneys' fees and costs in the amount of $15,931.95 (Doc. 96) is **GRANTED**; and

(4) Plaintiff is entitled to a total award of fees and costs in the amount of **$183,750.01**.

**IT IS SO ORDERED**.

Date: November 13, 2012                *s/ Timothy S. Black*
                                                                  Timothy S. Black
                                                                  United States District Judge